# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1262V

| | |
|---|---|
| RICHARD POLLACK,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2025 |

*Jessica Wallace*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On April 21, 2021, Richard Pollack filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration resulting from a covered vaccine received on October 15, 2020. Petition, ECF No. 1. On September 30, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $56,661.67 (representing $56,003.10 in fees, plus $ 658.57 in costs). Application for Attorneys' Fees and Costs filed October 11, 2024. ECF No. 52. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 50. Respondent reacted to the motion on October 25, 2024, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 54. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

# ATTORNEY FEES

*A. Hourly Rates*

The hourly rates requested for attorneys Wallace, Gambella, Mazoff, and Stone (plus their associated paralegals) for all time billed in this mater are reasonable and consistent with our prior determinations and will therefore be adopted. But the total amount of fees to be awarded requires adjustment.

*B. Paralegal Tasks Billed at Attorney Rates*

The invoices reflect several instances in which tasks that are considered paralegal in nature were billed at hourly rates ranging between $241 - $424.[3] In the Vaccine Program, "tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although the work actually performed on these paralegal tasks was reasonable, it cannot be billed at an attorney-level rate.

*C. Intra-office communication*

Additionally, the invoices reveal a common practice of intra-office communications and redundant billing entries where multiple attorneys performed work on the same tasks.[4] For example, Attorneys Wallace, Gambella, and Stone billed over 16.60 hours on inter-office communications discussing case matters; performing work on the same tasks; and participating in conferences and meetings with each other, suggesting some degree of

---

[3] Examples of tasks considered paralegal in nature: 4/7/21; 4/12/21: "phone call to follow up on medical records from Winchester Orthopedic Associates." 4/13/21; 4/16/21: "Review and prepare documents for filing." 4/16/21: "Compare 2nd set of medical records from Winchester to confirm they were a duplicate copy." 4/26/21 (two entries); 12/6/21: "Prepare amended statement of completion." 11/16/22; 10/11/23; 3/11/24; (two entries0: "Draft statement of completion and file notice of completion and motion for ruling on the record." ECF No. 53-1.

[4] Some examples of intra-office communications: 3/30/21 (two entries); 3/31/21; 4/7/21; 4/8/21; 4/12/21 (three entries); 4/13/21 (three entries); 4/14/21 (two entries); 4/16/21 (two entries); 4/26/21 (two entries); 10/11/21 (two entries); 12/20/21; 5/31/22; 7/18/22 (three entries); 9/1/22 (two entries); 6/6/23 (two entries); 7/5/23; 7/10/23; 7/13/23 (three entries); 7/14/23 (three entries); 7/16/23; 7/17/23; 7/18/23 (three entries); 7/20/23 (two entries); 8/9/23; 8/30/23; 9/26/23 (two entries). See ECF No. 53-1.

unnecessary overlap and inefficiency compounding the high amount of fees requested herein.

It is well established that attorney's fees may be reduced due to duplicative billing practices. See *Tetlock* v. *Sec'y of Health & Human Servs*., No. 10-56, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (reduced counsel's overall fee award for excessive and duplicative billing); *Panaitescu* v. *Sec' y of Health & Human Servs*., No. 16-753V, 2017 WL 4876036 (Fed. Cl. Spec. Mstr. Oct. 2, 2017) (reduced counsel's overall fee award due to billing for excessive email correspondence with the client and with each other); See also *Ericzon* v. *Sec'y of Health & Human Servs*., No. 10–103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced counsel's overall fee award by 10 percent due to excessive and duplicative billing).

### D. Summary of Fee Reduction

In determining a fees award, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary,'" based on the special master's "experience or judgment." *Hocraffer v. HHS*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). And in evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferable to a time-consuming line-by-line review of the bill. Attorney Jessica Wallace and the Siri & Glimstad, LLP firm have previously received across the board fees reduction for similarly inefficient billing practices. See *Garrett* v. *Sec'y of Health & Hum. Servs*., No. 22-283V, 2025 WL 1011479 (Fed. Cl. Spec. Mstr. Feb. 28, 2025).

I therefore reduce the total fees to be awarded herein by *fifteen percent* as a fair adjustment to account for the billing issues hereto. This results in an overall reduction in the amount of fees to be awarded herein of **$8,400.46.**[5]

---

[5] This amount is calculated as ($56,003.10 x 0.15) = $8,400.46.

*E. Litigation Costs*

Petitioner has provided supporting documentation for all claimed costs (ECF No. 53-1 at 29-38). And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $48,261.21 (representing $47,602.64 in fees, plus $658.57 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.